IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michael Dubensky, | |
| Plaintiff, | No. 24-cv-12543 |
| v. | Judge Franklin U. Valderrama |
| Chicago Public School, *et al*, | Magistrate Judge Laura K. McNally |
| Defendants. | |

## ORDER

Plaintiff Michael Dubensky (Dubensky) has sued five defendants: the Board of Education of the City of Chicago, Illinois State Board of Education, Dominican University, Pearson, and ETS Praxis, alleging race discrimination under Title VII of the Civil Rights Act. R. 26. Before the Court are motions to dismiss filed by the Board of Education of the City of Chicago (R. 20), Illinois State Board of Education (R. 49), and Dominican University (R. 67) (collectively, the moving Defendants). While the moving Defendants submitted independent motions to dismiss Plaintiff's complaint (R. 26), they each assert multiple overlapping bases for dismissal. Namely, the moving Defendants argue that Dubensky failed to exhaust his administrative remedies with the Equal Employment Opportunity Commission (EEOC) under Title VII, and that Dubensky fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court begins—and ends—its analysis with the first argument: that Dubensky failed to exhaust his administrative remedies with the EEOC as required under Title VII.

Before filing suit under Title VII, a plaintiff must file a timely charge with the appropriate agency describing the alleged discriminatory conduct. *See, e.g., Reynolds v. Tangherlini*, 737 F.3d 1093, 1099-1101 (7th Cir. 2013); *Anderson v. United Airlines, Inc.*, 140 F.4th 385, 390 (7th Cir. 2023). A plaintiff must also receive a Right to Sue Notice from the agency. *See Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 128-29 (7th Cir. 1989) (noting that "filing an EEOC charge and receiving a right-to-sue letter is still a prerequisite" to filing a Title VII lawsuit); *see also Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1003-04 (7th Cir. 2019). Failure to follow these steps may result in a finding that the plaintiff's complaint is deficient and subject to dismissal. *See Worth v. Tyler*, 276 F.3d 249, 259 (7th Cir. 2001). The purpose of the exhaustion

requirement is to give notice to the employer and provide an opportunity for conciliation before the EEOC before litigation. *Horton v. Jackson Cnty. Bd. of Cnty. Com'rs*, 343 F.3d 897, 899 (7th Cir. 2003).

Dubensky was required to file a charge with—and receive a Right to Sue Notice from—the EEOC. Dubensky, though, admits that he has not filed a complaint of employment discrimination with the EEOC and that the EEOC has not issued a Notice of Right to Sue. *See* R. 26 at ¶¶ 7.1-7.2, 8(a). This concession is fatal, and Dubensky's responses in opposition to the moving Defendants' motions are unpersuasive. As to Illinois State Board of Education's motion, the Court first notes that Dubensky appears to have filed two submissions in opposition. *See* R. 53, 57. The Court construes the more-recently filed submission, R. 57, as operative. In this opposition, Dubensky advances no argument that would defeat his blatant failure to exhaust the requisite administrative remedies. In response to Dominican University's motion, Dubensky argues that, in case No. 17-cv-1700, the "EEOC is processing the complaint." R. 69. Proceedings in an entirely separate action are of no import to the question presently before the Court. And in any event, that case was brought against the City of Chicago, not Dominican University. While Dominican University has not yet submitted a reply in support of its motion, the Court finds that it need not review a reply to determine that Dominican University has the better of the argument. Finally, Dubensky did not respond to the Board of Education of the City of Chicago's motion.

Accordingly, because the Court finds that Plaintiff failed to exhaust his administrative remedies under Title VII, the Court grants the Board of Education of the City of Chicago's, Illinois State Board of Education's, Dominican University's motions to dismiss. R. 20, R. 49, R. 67. The complaint is dismissed without prejudice.

Dated: September 15, 2025.

United States District Judge
Franklin U. Valderrama